IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RODOLFO RODRIGUEZ,

      Movant,

vs.                                       No. CV 20-01227 WJ/KBM
                                        No. CR 18-01568 WJ

UNITED STATES OF AMERICA,

      Respondent.

**MEMORANDUM OPINION AND ORDER DISMISSING**
**MOTION TO VACATE, SET ASIDE, OR DISMISS UNDER 28 U.S.C. § 2255**

**THIS MATTER** is before the Court on the Motion to Vacate, Set Aside, or Dismiss Under 28 U.S.C. § 2255 filed November 24, 2020 by Defendant/Movant, Rodolfo Rodriguez (CV Doc. 1; CR Doc.124) ("Motion to Vacate"). The Court will dismiss the Motion to Vacate, without prejudice, as premature.

Judgment was entered on Defendant Rodriguez's conviction and sentence on December 1, 2020. (CR Doc. 126). Defendant Rodriguez appealed from that Judgment on December 2, 2020. (CR Doc. 127). Rodriguez's appeal was docketed in the United States Court of Appeals for the Tenth Circuit as case No. 20-2173 and is presently pending before the Tenth Circuit. (CR Doc. 129). Defendant Rodriguez filed his Motion to Vacate on November 24, 2020, collaterally challenging his conviction and sentence. (CV Doc. 1; CR Doc. 124). The § 2255 Motion was filed after the sentencing hearing but prior to entry of the Judgment on the conviction and sentence. (CR Doc. 123, 126).

Absent extraordinary circumstances, the orderly administration of criminal justice precludes a district court from considering a petitioner's collateral challenge while review of

claims raised on direct appeal is pending.  As a general rule, a defendant may not pursue both a direct appeal and a collateral action simultaneously.  *See United States v. Prows,* 448 F.3d 1223 (10th Cir.2006); *United States v. Cook,* 997 F.2d 1312, 1318–19 (10th Cir.1993) (citing Rule 5, *Rules Governing § 2255 Proceedings,* advisory committee note).   The rule is designed to avoid possible conflicting rulings and to promote judicial economy since the disposition of the appeal may render the § 2255 motion moot. *See, e.g., United States v. Robinson,* 8 F.3d 398, 405 (7th Cir.1993); *United States v. Gordon,* 634 F.2d 638, 638–39 (1st Cir.1980); *United States v. Davis,* 604 F.2d 474, 484 (7th Cir.1979); *Jack v. United States,* 435 F.2d 317, 318 (9th Cir.1970); *Womack v. United States,* 395 F.2d 630, 631 (D.C.Cir.1968).

In this case, Defendant Rodriguez has only recently commenced his direct appeal.  There appears to be considerable overlap between the claims raised in this action and the claims raised on direct appeal, resulting in a waste of judicial resources if both actions were allowed to proceed simultaneously.  (*See* CV Doc. 1; CR Doc. 127-2).  Moreover, it appears that any issues raised by Rodriguez in his § 2255 Motion to Vacate will still be available to him to raise in a post-appeal collateral challenge. As a result, the Court finds that extraordinary circumstances warranting collateral review during the pendency of Petitioner's direct appeal do not exist and collateral relief in this Court is premature.

The Court will dismiss the Motion to Vacate without prejudice.  The dismissal of this § 2255 motion without prejudice will not count against Movant Rodriguez should he pursue a collateral challenge under § 2255 after conclusion of his direct appeal. Movant Rodriguez is notified that his exclusive post-conviction remedy will be a motion to vacate, set aside or correct sentence filed pursuant to 28 U.S.C. § 2255.  If he files further premature motions for collateral

review, he may subsequently be subjected to the restrictions on "second or successive" motions in 28 U.S.C. §§ 2244 and 2255(h).

**IT IS ORDERED** that the Motion to Vacate, Set Aside or Dismiss Under 28 U.S.C. § 2255 filed by Defendant/Movant, Rodolfo Rodriguez (CV Doc. 1; CR Doc. 126) is **DISMISSED** without prejudice as premature and case No. CV 20-01227 WJ/KBM is **CLOSED**.

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE